882 F.2d 125
 16 Media L. Rep. 2462
 AMERICAN BOOKSELLERS ASSOCIATION, INC.; Association of
American Publishers; Council for Periodical Distributors
Association; International Periodical Distributors
Association, Inc.; National Association of College Stores,
Inc.; Books Unlimited, Inc.; Ampersand Books, Plaintiffs-Appellees,
v.
COMMONWEALTH OF VIRGINIA, Defendant-Appellant,
and
Charles Strobel; William K. Stover, Defendants.
AMERICAN BOOKSELLERS ASSOCIATION, INC.; Association of
American Publishers; Council for Periodical Distributors
Association; International Periodical Distributors
Association, Inc.; National Association of College Stores,
Inc.; Books Unlimited, Inc.; Ampersand Books, Plaintiffs-Appellants,
and
Amy Bush; Jessica Bush, Plaintiffs,
v.
COMMONWEALTH OF VIRGINIA; Charles Strobel; William K.
Stover, Defendants-Appellees.
 Nos. 85-1961, 85-2284.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 13, 1989.
Decided Aug. 16, 1989.
Rehearing and Rehearing In Banc Denied Oct. 13, 1989.
 
 Richard B. Smith, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen. of Virginia, Mark R. Davis, Asst. Atty. Gen. on brief), for defendant-appellant.
 Michael A. Bamberger, (Jacqueline S. Glassman, Sonnenschein, Carlin, Nath & Rosenthal on brief) for plaintiffs-appellees.
 Before PHILLIPS and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 SPROUSE, Circuit Judge.
 
 
 1
 Since 1970, the Code of Virginia has prohibited any person from selling certain sexually explicit materials to juveniles. Va.Code Sec. 18.2-391(a). In 1985, the Virginia General Assembly amended this provision to prohibit the "display for commercial purpose [of such materials] in a manner whereby juveniles may examine and peruse [them]." 1985 Va. Acts ch. 506. The district court, in an action brought by the American Booksellers Association, four other trade associations, and two retail stores against public officials charged with the section's enforcement,[1] declared the amendment facially unconstitutional and enjoined its enforcement. American Booksellers Ass'n v. Strobel, 617 F.Supp. 699 (E.D.Va.1985). We affirmed the district court's decision, American Booksellers Ass'n v. Virginia, 802 F.2d 691 (4th Cir.1986), but the Supreme Court of the United States, after noting probable jurisdiction, certified two questions to the Supreme Court of Virginia, Virginia v. American Booksellers Ass'n, 484 U.S. 383, ----, 108 S.Ct. 636, 643, 98 L.Ed.2d 782 (1988), and has now vacated our decision and remanded for our reconsideration in light of the Virginia Supreme Court's answers. Virginia v. American Booksellers Ass'n, --- U.S. ----, 109 S.Ct. 254, 102 L.Ed.2d 243 (1988). Having reconsidered, we now reverse the district court's judgment holding the amendment to section 18.2-391(a) unconstitutional.
 
 
 2
 The two questions certified to the Virginia Supreme Court by the Supreme Court of the United States were:
 
 
 3
 1. Does the phrase "harmful to juveniles" as used in Virginia Code Secs. 18.2-390 and 18.2-391 (1982 and Supp 1987), properly construed, encompass any of the books introduced as plaintiffs' exhibits below, and what general standard should be used to determine the statute's reach in light of juveniles' differing ages and levels of maturity?
 
 
 4
 2. What meaning is to be given to the provision of Virginia Code Sec. 18.2-391(a) (Supp 1987) making it unlawful "to knowingly display for commercial purpose in a manner whereby juveniles may examine or peruse" certain materials? Specifically, is the provision complied with by a plaintiff bookseller who has a policy of not permitting juveniles to examine and peruse materials covered by the statute and who prohibits such conduct when observed, but otherwise takes no action regarding the display of restricted materials? If not, would the statute be complied with if the store's policy were announced or otherwise manifested to the public?
 
 
 5
 American Booksellers Ass'n, 484 U.S. at ----, 108 S.Ct. at 643.
 
 
 6
 The Supreme Court of Virginia held that none of the sixteen books introduced as exhibits in the district court trial were "harmful to juveniles" as that term is defined by Virginia Code Sec. 18.2-390(6)(c), i.e., that "when taken as a whole, [such books are] lacking in serious literary, artistic, political or scientific value for juveniles." Commonwealth v. American Booksellers Ass'n, 236 Va. 168, 372 S.E.2d 618, 624 (1988). In response to the second certified question, the Virginia Supreme Court concluded that the new language contained in the 1985 amendment was not aimed at mere browsing but at "the opportunity [a bookseller] may afford to juveniles to take off the shelves books which they are unable to buy, and to read them in the store." Id. The Virginia court concluded, therefore, that in order to be convicted of violating the statute, a bookseller must have
 
 
 7
 knowingly afforded juveniles an opportunity to peruse harmful materials in his store or, being aware of facts sufficient to put a reasonable person on notice that such opportunity existed, took no reasonable steps to prevent the perusal of such materials by juveniles.
 
 
 8
 Id. 372 S.W.2d at 625. The Virginia Supreme Court also considered the booksellers' concern that they might be prosecuted for displaying material that a prosecutor deemed harmful to young children although suitable for older juveniles. The court concluded "that if a work is found to have a serious literary, artistic, political or scientific value for a legitimate minority of normal, older adolescents, then it cannot be said to lack such value for the entire class of juveniles taken as a whole." Id. 372 S.W.2d at 624.
 
 
 9
 The American Booksellers Association and the other plaintiffs argue in this appeal that section 18.2-391(a) and the concomitant definitional provision, section 18.2-390(6)(c), are unconstitutionally vague even as interpreted by the Supreme Court of Virginia. We disagree. In defining "harmful to juveniles" in section 18.2-390(6)(c), the Virginia General Assembly, as did the New York Legislature in enacting the New York statute which was upheld against a vagueness challenge in Ginsberg v. New York, 390 U.S. 629, 643, 88 S.Ct. 1274, 1282, 20 L.Ed.2d 195 (1968), interpreted the statutory definition of "harmful to juveniles" in accordance with the current United States Supreme Court definition of obscenity.[2] The Virginia Court then concluded that the standard should be applied as it affects a "legitimate minority of normal, older adolescents." American Booksellers, 372 S.E.2d at 624. These holdings and the conclusive language detailing the statute's scienter requirements more than give "men in acting adequate notice of what is prohibited." Ginsberg, 390 U.S. at 643, 88 S.Ct. at 1282 (quoting Roth v. United States, 354 U.S. 476, 492, 77 S.Ct. 1304, 1313, 1 L.Ed.2d 1498 (1957)). We also agree with the Virginia Supreme Court that the amendment to the statute places a minimal burden on booksellers and represents a constitutionally permissive exercise of the state's police powers. See American Booksellers, 372 S.E.2d at 623, 625.
 
 
 10
 In view of the above, the judgment of the district court holding the amendment to section 18.2-391(a)(1) unconstitutional is reversed and its denial of attorneys' fees is affirmed.
 
 
 11
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 [1]
 The original defendants were the Chief of Police of Arlington County, Virginia, and the Director of Public Safety of the City of Alexandria, Virginia. The Attorney General of Virginia intervened on behalf of the Commonwealth
 
 
 [2]
 The New York statutory definition of "harmful to minors," i.e., that such material "is utterly without redeeming social importance for minors," N.Y. Penal Law Sec. 484-h(1)(f), included the third prong of the obscenity definition then followed by a plurality of the United States Supreme Court. See Memoirs of a Woman of Pleasure v. Attorney General of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966). The amended Virginia statute we consider substitutes the post-Ginsberg definition announced in Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973), and includes material that "is, when taken as a whole, lacking in serious literary, artistic, political or scientific value for juveniles." Va.Code Sec. 18.2-390(6)(c)